UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HECTOR M. ANDRADE-RAMIREZ,**

   Movant,

v.                                      No. 4:24-cv-0412-P
                                         (No. 4:21-cr-0286-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Hector M. Andrade-Ramirez, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DISMISSED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On October 14, 2021, Movant was named in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR ECF No.[1] 15. Movant entered a plea of not guilty. CR ECF No. 19. Movant later signed a written plea agreement, CR ECF No. 39, and a factual resume. CR ECF No. 40. Pursuant to the plea agreement, Movant agreed to plead guilty to the offense charged by count two of the indictment and the government agreed not to bring any additional charges against him based upon the conduct underlying or related to the guilty plea and to

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:21-CR-0286-P.

dismiss the remaining charge against him. CR ECF No. 39. In addition, the plea agreement set forth the penalties Movant faced, the Court's sentencing discretion and role of the guidelines, that the plea was freely and voluntarily made, that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with the legal representation provided to him. *Id.* The factual resume set forth the elements of the offense charged by count two, the maximum penalties Movant faced, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 40.

On January 19, 2022, Movant appeared in open court for rearraignment. He testified under oath that: he had discussed the charges with counsel and how the sentencing guidelines might apply; he had received a copy of the indictment; he understood the charges; he understood the elements of count two of the indictment and he committed all of them; he was satisfied with the legal representation and advice he had received from counsel; he signed the plea agreement; he knowingly and voluntarily waived his right to appeal; he voluntarily entered into the plea agreement and no one had tried to force him to plead guilty; and, he understood the penalties he faced. CR ECF No. 88.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 50, ¶ 25. He received two-level enhancements for importation, *id.* ¶ 26, maintaining a drug premises, *id.* ¶ 27, and hazardous waste. *Id.* ¶ 28. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 34, 35. Based on a total offense level of 41 and a criminal history category of I, his guideline imprisonment range was 324 months to 405 months. However, the statutorily authorized maximum sentence was twenty years, thus the guideline term of imprisonment became 240 months. *Id.* ¶ 70. Movant filed objections, CR ECF No. 54, and the probation officer prepared an addendum to the PSR, which did not change the guideline term of imprisonment. CR ECF No. 55.

At sentencing, Movant persisted in objections that had not already been granted, including the lack of reduction for Movant's role in the

offense. CR ECF No. 86. The Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 62. He appealed, CR ECF No. 70, despite having waived the right to do so, CR ECF No. 39, ¶ 12. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed, finding that there was no nonfrivolous issue for appeal. *United States v. Ramirez*, No. 22-10461, 2023 WL 1466619 (5th Cir. Feb. 2, 2023).

## GROUNDS OF THE MOTION

On May 1, 2024, Movant purportedly placed in the mail his motion under Section 2255, which the clerk received on May 7, 2024. The motion reflected that Movant was pursuing three grounds. The first ground simply stated: "Counsel was ineffective in plea negotiations." ECF No.[2] 1 at 4.[3] The second and third grounds simply stated: "Ineffective assistance of counsel." *Id.* at 5, 6. No facts were given in support of any of the grounds. Under the section provided for supporting facts in grounds one and two, a statement was made that Movant is a Spanish-speaking person who does not speak or understand English well; that he was awaiting his legal property from his transfer; that he had been precluded from properly filing his motion since July of 2023 when he was put in the special housing unit at FCI Pollock; that the bilingual law library clerk was "barely understanding Movant's issues"; and that Movant requested an additional thirty days to file his memorandum of law. *Id.* at 5, 6.

On May 22, 2024, Movant placed his memorandum of law in support of his motion in the mail and it was received by the clerk on May 29, 2024. ECF No. 5. In it, he specifies that his grounds are that counsel was ineffective: (1) in plea negotiations, (2) in failing to contest the

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

[3] The page number references to the motion are to "Page __ of 15" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten page numbers on the form are not the actual page numbers of the document as filed.

3

calculation of Movant's sentence, and (3) in failing to require that the Court make particularized findings about relevant conduct. *Id.* at 5–6.

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

4

*Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### C. Limitations

A one-year period of limitation applies to motions under Section 2255. The period runs from the latest of —

> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

## ANALYSIS

As Movant recognizes, ECF No. 5 at 2, his conviction became final on May 3, 2023, when the time for filing a petition for writ of certiorari expired. He argues that his motion was timely filed as he submitted it for mailing on May 1, 2024. *Id.* The problem for him, however, is that the motion was nothing but a shell. ECF No. 1. It merely stated that Movant intended to assert grounds based on ineffective assistance of counsel but did not provide any facts to support the grounds, that is, to explain why he contended his counsel was ineffective. The memorandum providing the supporting facts was not filed until after the one-year filing period had run. And, the memorandum does not relate back to the original filing date simply because Movant continues to assert ineffective assistance of counsel as his grounds. *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *United States v. Gonzalez*, 592 F.3d 675, 679–80 (5th Cir. 2009) (per curiam). A new claim relates back only if it and the claims originally asserted are "tied to a common core of operative facts." *Mayle*, 545 U.S. at 664. Here, there are no operative facts for the memorandum to relate back to. *See United States v. Crawley*, No. Civ. A. H-09-3457, 2010 WL 4393970, at *11 (S.D. Tex. Oct. 29, 2010) (a place-holder motion does not warrant the application of tolling).

Movant has not sought but would not be entitled to equitable tolling in any event. Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be ineqitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether a movant is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the

statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries are closed due to pandemic, the prison mail systems are not. *United States v. Lara*, No. 6:21-20, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (citing cases). And, lack of familiarity with the English language does not constitute a rare or exceptional circumstance. *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (irrelevant whether unfamiliarity with the law is due to illiteracy or any other reason)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Briones v. Director*, No. 3:21-CV-957-B-BN, 2024 WL 1254802, at *2 (N.D. Tex. Mar. 22, 2024); *United States v. Saunders*, No. 18-168, 2023 WL 3253659, at *3 (E.D. La. May 4, 2023); *Navar-Garcia v. United States*, No. EP-12-CV-415-KC, 2013 WL 327669, at *3 (W.D. Tex. Jan. 29, 2013) (citing *United States v. Cordova*, 202 F.3d 283 (10th Cir. 1999).

Here, the excuses offered are that: Movant is a Spanish speaking person who does not speak or understand English well; Movant was awaiting his legal property from his transfer; Movant was precluded from properly filing his motion ever since July 2023 when he was put in the special housing unit at FCI Pollock. ECF No. 1 at 4. None of these

7

factors is sufficient to entitle him to equitable tolling. Moreover, Movant has made no attempt to show that he exercised reasonable diligence throughout the limitations period, much less at any time. *See Sanders v. United States*, No. 3:21-CV-2054-D-BK, 2022 WL 4086793, at *3 (ND. Tex. Aug. 2, 2022); *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."). Therefore, the motion is untimely and must be dismissed.

As the government notes, Movant could not prevail even if his motion had been timely filed because the allegations are conclusory and unsupported by any independent evidence bearing indicia of reliability. ECF No. 6 at 14–18. If the Court were to consider the motion on the merits, it would be denied.

In his first ground, Movant alleges that his counsel was "ineffective in plea negotiations" because she told him that she wanted to review discovery and the entirety of the case file before arranging for him to cooperate. ECF No. 5 at 8. He fails to show that, even if this unsupported contention is true, he was harmed in any way. The record reflects that after Movant was arrested he declined to participate in a post-arrest interview. CR ECF No. 50, ¶ 16. At his interview with the probation officer, on the advice of counsel, Movant declined to discuss relevant conduct beyond the factual resume. *Id.* ¶ 22. Thus, the record does not support the allegation that Movant was ready and willing to cooperate, much less that he would have cooperated. More importantly, there is no reason to believe that Movant could have received a greater benefit. Counsel negotiated a plea agreement pursuant to which Movant only faced a twenty-year term of imprisonment rather than a life sentence. *Id.* ¶ 71. His guideline range of 262 to 327 months was limited by the twenty-year maximum sentence. *Id.* ¶ 70; CR ECF No. 55 at 6.

In his second ground, Movant alleges that counsel was ineffective in failing to contest the calculation of his sentence based on the purity of the methamphetamine. ECF No. 5 at 12–18. He offers nothing more than speculation and nonbinding out-of-circuit cases in support of his argument. In the Fifth Circuit, sentencing courts have significant

8

discretion in calculating drug quantity and quality under the Guidelines. *United States v. Owens*, 94 F.4th 481, 487 (5th Cir. 2024). And, they are to apply the offense level determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level. *Id.* Using sampling to determine quality is expressly approved. *See United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019). As the presentence report reflects, the drug calculation was very conservative in Movant's case. CR ECF No. 50. He has not shown that any objection would have had the slightest merit.

In his third ground, Movant argues that counsel was ineffective in failing to "require" that the Court make particularized findings about relevant conduct. ECF No. 5 at 18–21. Again, he makes no attempt to show that he was harmed as a result. The record reflects that Movant personally distributed 1,943 grams of methamphetamine that was 100 percent pure. CR ECF No. 50, ¶ 11. His codefendant distributed 9,771 grams of methamphetamine (actual) that came from the same location. *Id.* ¶ 15. And, Movant was the cook at the location where liquid methamphetamine in various stages of processing was found, which converted to 116,131.2 grams of methamphetamine (actual). *Id.* ¶¶ 11–18. The presentence report reflects that all of the drugs for which Movant was held accountable were part of the same course of conduct or common scheme or plan as the count of conviction. Movant was properly held accountable for all relevant conduct. *United States v. Moore*, 927 F.2d 825, 827 (5th Cir. 1991).

## CONCLUSION

For the reasons discussed, Movant's motion is **DISMISSED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **20th day** of **August 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE